IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| CONOR HARRIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. _____ |
| | § | |
| CARLA PAULINA GARZA; and | § | |
| INSURANCE BENEFITS DEPOT, LLC, | § | JURY DEMAND |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**COMES NOW**, Conor Harris, as Plaintiff in this Cause, asserting his Original Complaint against Defendant Carla Paulina Garza, Individually, and Defendant Insurance Benefits Depot, LLC, a Texas Limited Liability Company stating as follows:

### PARTIES

1. Plaintiff Conor Harris is an adult individual resident of Coto de Caza, Orange County, California.

2. Defendant Carla Paulina Garza (hereinafter, "Defendant Garza") is an adult individual resident of Edinburg, Hidalgo County, Texas. Defendant Garza may be served with Citation at her place of residence at 1204 Hickory Street, Edinburg, Hidalgo County, Texas 78541; or, at her place of business at 2032 E. Griffin Parkway, Suite C, Mission, Hidalgo County, Texas 78572; or, at any other place where she may be found.

3. Defendant Insurance Benefits Depot, LLC (hereinafter, "Defendant IB Depot") is a Texas Limited Liability Company headquartered in Edinburg, Hidalgo County, Texas and with its principal place of business in Hidalgo County, Texas. Defendant IB Depot may be served with Citation by

serving its Registered Agent and "Owner" Carla Paulina Garza at 1204 Hickory Street, Edinburg, Hidalgo County, Texas 78541; or, at any other place where she may be found.

## JURISDICTION AND VENUE

4. Jurisdiction in this case is proper under 28 U.S.C. §1332(a)(1), diversity jurisdiction, because Plaintiff Conor Harris and Defendants Garza and IB Depot are citizens of different states under 28 U.S.C. §1332(a)(1) and the amount in controversy exceeds the minimum jurisdiction of this Court, or $75,000.00. 28 U.S.C. §1332(a)(1).

5. Venue is proper in the Southern District of Texas, McAllen Division, pursuant to 28 U.S.C. §1391(a)(2) because a substantial part of the events, acts and/or omissions giving rise to the claim occurred in this District. Venue is also proper in this Court pursuant to 28 U.S.C. §1391(a)(1) because one or more of Defendants reside(s) in this Judicial District.

## FACTS

6. In 2021, Plaintiff Conor Harris and his wife decided to relocate from Boston, Massachusetts to Southern California where they looked forward to being closer to their family.

7. As part of that relocation, in November, 2021, Plaintiff Conor Harris and his wife began searching for a new home. After several months of searching, they finally found their dream home in Coto de Caza, Orange County, California (hereinafter, the "Coto de Caza home").

8. After some negotiating, Plaintiff Conor Harris entered into a contract with the sellers for the purchase of the Coto de Caza home. As part of their contractual agreement, Plaintiff Conor Harris was required to (a.) submit an initial earnest money deposit to Escrow Agent Michelle Reynolds of Monument Escrow, Inc.; and then, (b) at or before the time of closing, submit the remaining down payment balance of $310,000.00 (Three Hundred Ten Thousand and NO/100 Dollars) to Escrow Agent Michelle Reynolds of Monument Escrow, Inc.

9. In keeping with the parties' agreement, on January 21, 2022, Plaintiff Conor Harris wired his initial earnest money deposit to Escrow Agent Michelle Reynolds to Monument Escrow, Inc. The earnest money deposit was delivered to and received by Monument Escrow, Inc. without incident.

10. The closing for the purchase/sale of the Coto de Caza home was scheduled to take place on Tuesday, February 22, 2022.

11. On Wednesday, February 16, 2022, Plaintiff Conor Harris received an email that was purportedly sent by Escrow Agent Michelle Reynolds asking Mr. Harris to wire the remaining down payment balance of $310,000.00 (Three Hundred Ten Thousand and NO/100 Dollars) and providing instructions for the wiring of the required funds to Lone Star National Bank.

12. The next day – Thursday, February 17, 2022, as directed, Plaintiff Conor Harris wired the requested funds of $310,000.00 (Three Hundred Ten Thousand and NO/100 Dollars) from his account at Bank of America to the account number at Lone Star National Bank provided in the February 16, 2022 emailed instructions. Lone Star National Bank is located in Pharr, Hidalgo County, Texas.

13. Five (5) days later – on Tuesday, February 22, 2022, Plaintiff Conor Harris was scheduled to close on the purchase of the Coto de Caza home. However, just before attending the closing, Plaintiff Conor Harris was notified that the remaining down payment balance of $310,000.00 (Three Hundred Ten Thousand and NO/100 Dollars) had never been received by Monument Escrow, Inc.

14. Instead, investigation has since revealed that (a.) the February 16, 2022 email purportedly from Escrow Agent Michelle Reynolds was not from Escrow Agent Michelle Reynolds, Monument Escrow, Inc. or anyone associated with Monument Escrow, Inc.; and (b.) the February 16, 2022 wiring instructions for delivery of the remaining down payment balance actually directed the funds ($310,000.00) to an account at Lone Star National Bank which has no connection whatsoever to

Monument Escrow, Inc. or anyone associated with that entity but instead, is owned and controlled by Defendant Garza and/or Defendant IB Depot.

15. Stated simply, Defendant Garza and Defendant IB Depot had no legitimate connection or role in the planned purchase/sale of the Coto de Caza home.

16. Defendant Garza has never had *any* ownership interest in the Coto de Caza home or served as an Escrow Agent for the planned purchase/sale.

17. Likewise, Defendant IB Depot has never had *any* ownership interest in the Coto de Caza, home or served as an Escrow Agent for the planned purchase/sale.

18. Yet, as a result of their affirmative actions, on February 16, 2022 and February 17, 2022 Defendant Garza and/or Defendant IB Depot misled their way into possession of Plaintiff Conor Harris' $310,000.00 (Three Hundred Ten Thousand and NO/100 Dollars).

19. In the days following discovery of Defendants' misrepresentations, Plaintiff Conor Harris' representatives contacted Defendant Garza who (a.) confirmed receipt of Plaintiff Conor Harris' $310,000.00 (Three Hundred Ten Thousand and NO/100 Dollars) in her personal account or the account of Defendant IB Depot (Defendant Garza's representations varied); (b.) acknowledged that the $310,000.00 (Three Hundred Ten Thousand and NO/100 Dollars) came from Plaintiff Conor Harris; and (c.) acknowledged that Plaintiff Conor Harris' $310,000 (Three Hundred Ten Thousand and NO/100 Dollars) was not her money.

20. And yet without explanation, to date, Defendant Garza and Defendant IB Depot have flatly refused to return Plaintiff Conor Harris' funds. Instead, Defendant Garza has refused to account for the funds and has stated that she withdrew some or all of the money in the form of cashier's checks from either her personal bank account or Defendant IB Depot's bank account.

21.     As a result, Plaintiff Conor Harris has been deprived of property/funds which are rightfully his and has now had to retain an attorney to prosecute this action to recover such property/funds.

## FIRST CLAIM FOR RELIEF – CONVERSION

22.     Plaintiff Conor Harris incorporates by reference and realleges Paragraphs 1. through 21. set forth above.

23.     Plaintiff Conor Harris is the rightful owner of the $310,000 (Three Hundred Ten Thousand and NO/100 Dollars) made the subject of this lawsuit.

24.     To date, despite Defendants' legal obligations and Plaintiff Conor Harris' demands, Defendants have refused to return Plaintiff Conor Harris' property/funds. In doing so, Defendants have and continue to wrongfully exercise dominion and control over property/funds to which Plaintiff Conor Harris is the rightful owner.

25.     Accordingly, Plaintiff Conor Harris is entitled to payment in full of his wrongfully converted property/funds plus interest, costs and attorney's fees expended in the prosecution of this claim.

## SECOND CLAIM FOR RELIEF – TEXAS THEFT LIABILITY ACT

26.     Plaintiff Conor Harris incorporates by reference and realleges Paragraphs 1. through 21. set forth above.

27.     Plaintiff Conor Harris is the rightful owner of the $310,000.00 (Three Hundred Ten Thousand and NO/100 Dollars) made the subject of this lawsuit.

28.     Defendants are retaining and using said funds/property without the permission of Plaintiff Conor Harris. Accordingly, Plaintiff Conor Harris hereby asserts his claim against Defendants pursuant to the Texas Theft Liability Act. Tex. Civ. Prac. & Rem. Code § 134.003(a).

29. More particularly, when Defendants deceptively took and then failed to return the subject property/funds, Defendants unlawfully appropriated the property/funds by taking same without Plaintiff Conor Harris' consent. Tex. Civ. Prac. & Rem. Code § 134.003(a).

30. Defendants have appropriated the property/funds with the apparent and/or stated intent to deprive Plaintiff Conor Harris of the property/funds permanently.

31. As a direct and proximate result of Defendants' actions, Plaintiff Conor Harris has been damaged by the theft in issue. Plaintiff Conor Harris' damages include, but are not limited to actual damages, attorney's fees, costs of court, pre-judgment interest and post-judgment interest. Additionally, Plaintiff Conor Harris requests that a statutory penalty in a sum not to exceed $1,000.00 (One Thousand and NO/100 Dollars) be awarded against Defendants. Tex. Civ. Prac. & Rem. Code § 134.005(a).

## JURY DEMAND

32. Pursuant to Fed. R. Civ. P. 38(b), Plaintiff Conor Harris hereby demands a trial by Jury of all issues so triable that are raised herein or which hereinafter may be raised in this action.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff Conor Harris respectfully moves the Court, upon final trial of this matter, to enter Judgment against Defendant Carla Paulina Garza and Defendant Insurance Benefits Depot, LLC as follows:

1. Finding that Defendants are jointly and severally liable for all damages caused to Plaintiff Conor Harris;

2. Awarding Plaintiff Conor Harris monetary damages in an amount not less than $310,000.00 (Three Hundred Ten Thousand and NO/100 Dollars), said amount to be proven at trial;

3. Awarding Plaintiff Conor Harris a statutory penalty in a sum not to exceed $1,000.00 (One Thousand and NO/100 Dollars) pursuant to Tex. Civ. Prac. & Rem. Code § 134.005(a);

4. Awarding Plaintiff Conor Harris his litigation expenses, including reasonable attorneys' fees, costs and disbursements; and

5. Granting such other and further relief as the case may required or as may be deemed proper and equitable.

Respectfully submitted,

**CHAVES, OBREGON & PERALES, L.L.P.**
800 N. Shoreline Boulevard
Suite 2000 South Tower
Corpus Christi, Texas 78401
(361) 884-5400
(361) 884-5401 Facsimile

By: _____

RENE L. OBREGON
State Bar No. 24005445
Southern Bar District ID No. 33188
Email: robregon@coplawfirm.com

*Attorney In Charge for*
*Plaintiff Conor Harris*

## NOTICE OF ELECTRONIC FILING

I HEREBY CERTIFY that I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States District Court for the Southern District of Texas on the __7TH__ day of April, 2022.

_____
Attorney In Charge